IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| VICKIE NEBEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-410 |
| | ) |
| MAX C. EVERETT d/b/a | ) |
| FAST CASH PLUS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Presently before the court is defendant's unopposed motion to dismiss [doc. 10]. For the reasons provided herein, the motion will be granted.

I.

*Background*

Defendant is licensed by the state of Tennessee to operate a "deferred presentment services" business. *See* Tenn. Code Ann. §§ 45-17-101 to -119.[1] On October 3, 2003, plaintiff entered into a deferred presentment transaction with defendant. Plaintiff

---

[1]

"Deferred presentment services" means a transaction pursuant to a written agreement involving the following combination of activities in exchange for a fee:

(A) Accepting a check dated on the date it was written; and

(B) Holding the check for a period of time prior to presentment for payment or deposit[.]

Tenn. Code. Ann. § 45-17-102(3).

provided a personal check in the amount of $280.00. In return, defendant gave plaintiff $250.00 in cash.

By her complaint, plaintiff alleges that defendant violated 15 U.S.C. § 1638 and 12 C.F.R. §§ 226.7(e), 226.9, and 226.17 by failing to:

    1. "accurately disclose the cost of financing";

    2. "furnish to the Plaintiff a disclosure statement";

    3. disclose "the amount of the finance charge";

    4. disclose the "method of computing finance charge";

    5. accurately disclose "the interest rate";

    6. "conspicuously segregate" the interest rate and finance charge "from all other terms, data, or information provided"; and

    7. "disclose the finance terms and finance charge annual percentage rate in a more conspicuous fashion than any other disclosure, except the creditors [sic] identity."[2]

Plaintiff also alleges violations of the Tennessee Consumer Protection Act regarding defendant's disclosures and collection efforts.

II.

*Analysis*

Defendant moves under Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. A 12(b)(6) motion addresses the "failure to state a claim upon

---

[2] For purposes of the present motion only, the court presumes that each of the cited statutory and regulatory provisions in fact applies to the transaction at issue.

2

which relief can be granted[.]"[3]

If the court considers "matters outside the pleading" in resolving a Rule 12(b)(6) filing, the motion is generally then converted to one for summary judgment. *See* Fed. R. Civ. P. 12(b). This places upon the movant the burden of demonstrating that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c).

There are exceptions to this general rule. Documents supporting a motion to dismiss are considered part of the pleadings if they are: (1) central to a plaintiff's claim; and (2) referred to in the plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Therefore, "a defendant may introduce certain pertinent documents if the plaintiff fails to do so. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.* (citations omitted).

Defendant has provided the court with the Tennessee Deferred Presentment Agreement ("Agreement") *signed by plaintiff* on the date of the transaction at issue. Because the Agreement is (at least ambiguously) referred to in paragraphs six, nine, ten, eleven, thirteen, fourteen, fifteen, sixteen, and seventeen of plaintiff's complaint, and because it is central to plaintiff's claims, the court can consider the Agreement in resolving the present

---

[3] In the present case, dismissal is warranted under Rule 12(b)(6). The court accordingly need not discuss Rules 12(b)(1) and 12(c).

3

12(b)(6) motion.[4]

In a subpart captioned "Federal Truth-in-Lending Disclosure," the Agreement sets forth both the annual percentage rate and the finance charge. This information is provided in larger, bold-type font. As noted above, the Agreement is signed by plaintiff.

There is no evidence that the annual percentage rate and/or finance charge are incorrect or misleading. There is also no evidence that the Agreement has been altered, that plaintiff was not presented with the document, or that the signature is not in fact hers. The Agreement therefore shows that plaintiff's federal allegations fail to state a claim upon which relief can be granted and, in the alternative, that defendant is entitled to judgment as a matter of law regarding those allegations.

Defendant's motion will accordingly be granted as to plaintiff's federal claims. The court declines to exercise supplemental jurisdiction over the remaining state law issues, 28 U.S.C. § 1367(c)(3), and those claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(d). An order consistent with this opinion will be entered.

ENTER:

    s/ Leon Jordan  
United States District Judge

---

[4] In addition, the Agreement number (12045101) is noted on the allegedly unlawful collection letter attached to the complaint [doc. 9]. Further, even if the court were to instead treat the motion as one for summary judgment, the result would be the same. Plaintiff points out - and the court sees - no genuine issue of material fact regarding plaintiff's federal claims, and the court concludes that defendant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).